IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00116-EWN-MEH

VERNEST M. JONES,

    Plaintiff,

v.

TANYA LANE, C.O.P. III,

    Defendants.

_____

### RECOMMENDATION ON MOTIONS FOR SUMMARY JUDGMENT
_____

**Entered by Michael E. Hegarty, United States Magistrate Judge**.

Plaintiff filed a Motion for Summary Judgment (Docket #29), and Defendant a Cross Motion for Summary Judgment (Docket #35). These have been referred to this Court (Docket ##30 & 37). The motions are fully briefed, and oral argument would not materially assist the Court in adjudicating them. For the reasons stated below, it is **recommended** that Plaintiff's motion be **denied** and Defendant's motion be **granted** in part and **denied** in part.

All parties are advised that they shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file

written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## RELEVANT FACTS

Plaintiff, an inmate with the Colorado Department of Corrections (CDOC), was sentenced in Denver County District Court on January 9, 2002, to a term of four years (credit for 339 days served) for a drug-related offense. He was also given five-years of mandatory parole. Prior to this conviction, in 1993, Plaintiff was charged with a sex offense involving a minor in Jefferson County, Colorado, but those charges were dismissed. Plaintiff alleges that the mother of a woman he was dating, convinced the minor child of that woman to make up false allegations against Plaintiff so that the dating relationship would fail. Plaintiff has produced a written statement by the little girl's mother to this effect. During his incarceration for the drug offense, Plaintiff was classified as S-4 under CDOC Administrative Regulation 700-19 ("Individuals whose history indicates sexual assaults or deviance for which they may not have been convicted. These cases often involve plea bargains where the factual basis of the crime involved a sex offense."). Plaintiff was provided a due process hearing in advance of this classification. Plaintiff alleges only one infirmity in this hearing: He had no means of compelling the presence of his girlfriend or her mother, which he alleges made the hearing a violation of his due process rights.

On March 3, 2005, Plaintiff was paroled from the CDOC by the Colorado Parole Board (CPB). The CPB ordered that Plaintiff undergo a mental evaluation. Defendant was assigned as

Plaintiff's parole officer. Plaintiff alleges that Defendant had Plaintiff arrested and initiated a parole revocation proceeding because Plaintiff refused to admit to being a sex offender, register as a sex offender, and undergo sex offender treatment. Plaintiff contends that the CPB's order did not contain these requirements. Defendant does not address these allegations whatsoever, nor does Defendant provide any evidence at all on her reasons for having Plaintiff arrested and initiating a parole revocation proceeding. The CPB revoked Plaintiff's parole on July 14, 2005, based on the charges asserted by the Defendant (failure to follow a directive, and failure to undergo a mental health evaluation and sex offender treatment), because Plaintiff refused to participate in the revocation hearing, refused to enter a plea, and refused to be sworn in (and, thus, the CPB found the charges to be sustained). The issue of Plaintiff's parole revocation is pending in Denver County District Court on a Petition for Writ of Habeas Corpus. That court has found a colorable claim for violation of Plaintiff's rights based on the CPB acting beyond its jurisdiction in treating Plaintiff as a sex offender contrary to state law.

## DISCUSSION

**I.      Standard of Review.**

Summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006). If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

**II.     What Claims Are At Issue**

The operative pleading in this case is the Amended Prisoner Complaint dated March 9, 2006 (Docket #7). The sole Defendant named in that Amended Complaint is Ms. Lane. The record establishes that her involvement in Plaintiff's life began when she was designated as his parole officer in or around March, 2005. Accordingly, there are no justiciable claims against the named Defendant

4

before this Court concerning the CDOC's designation of Plaintiff as S-4, since that designation occurred in approximately May 2002, which was prior to any interaction between the Plaintiff and the Defendant. *See* DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, Docket #34, Exh. A-4. Nor is the validity of Plaintiff's parole revocation an issue in this case. The record establishes that Plaintiff's parole was revoked by the CPB, not by Defendant. *See id.* at Exh. A-11. Although Defendant made an allegation of a violation of parole (specifically, Plaintiff failed to follow a directive from his parole officer and Plaintiff failed to undergo a mental evaluation), Plaintiff refused whatsoever to participate in the revocation hearing. Further, the validity of the CPB's decision is now pending in the Colorado state courts in a habeas case.

Thus, the only matters appropriately at issue in this Court are Defendant's actions in allegedly (1) requiring Plaintiff to register as a sex offender, (2) requiring Plaintiff to undergo treatment as a sex offender, and (3) initiating and pursuing a parole revocation based on Plaintiff's failure to comply as to (1) and (2).

Plaintiff's Amended Complaint alleges a violation of the Fourteenth Amendment based on three grounds: (1) erroneous classification as a sex offender, (2) procedural due process, and (3) unlawful removal from parole. Plaintiff seeks a declaration that his due process rights have been violated; injunctive relief restraining Defendant from classifying Plaintiff as a sex offender and removing Defendant as his parole officer; damages in the form of the costs of this action, lost wages due to his current incarceration, $1.00 in nominal damages, and punitive damages in the amount of 12% of his lost wages up to the point that he is re-employed after release.

The Court considers Plaintiff's "unlawful removal from parole" allegation to be the only potential charge on which Plaintiff could obtain relief in this case. As argued and substantiated in her

Cross Motion for Summary Judgment, Defendant had nothing to do with the S-4 classification process and, thus, cannot be held accountable for any errors in it. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (actual causation by "personal participation" must be established to demonstrate the causation element of a § 1983 claim). Plaintiff has failed to meet his burden of demonstrating a genuine issue of material fact with regard to any personal participation by the Defendant in this regard. Therefore, judgment as a matter of law in favor of the Defendant on the first two grounds of Plaintiff's claim is appropriate. However, as to the last basis for his claim, the Court believes that Plaintiff alleges a colorable violation of his substantive due process rights. "The Supreme Court has 'emphasized time and again that [t]he touchstone of due process is protection of the individual against arbitrary action of government. . . .'" *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 528 (10th Cir. 1998) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998)).

### III.   The Competing Motions for Summary Judgment

Because Defendant has raised the defense of qualified immunity in her Cross Motion for Summary Judgment, that issue warrants first consideration. *See Siegert v. Gilley*, 500 U.S. 226, 232-33 (1991) (it is well established that the defense of qualified immunity "shields" a defendant from trial and the burdens of litigation); *Sawyer v. County of Creek*, 908 F.2d 663, 665 (10th Cir. 1990). Under qualified immunity standards, the Court must first determine whether the Plaintiff has alleged a deprivation of a constitutional right at all. Then, the Court must determine whether such right was clearly established at the time of the alleged violation. *Latta v. Keryte*, 118 F.3d 693, 697-98 (10th Cir. 1997). Moreover, a plaintiff must establish the personal involvement of the defendant in the alleged violation. *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.").

The Tenth Circuit has noted that case law has "'long accorded probation officers wide discretion in determining whether to seek revocation.'" *United States v. Toliver*, No. 05-1331, 2006 WL 1554627 at *3 (10th Cir. June 8, 2006). However, if a parole officer participates in imposing an unconstitutional requirement on a parolee by having the parolee arrested for violating such a requirement, a plaintiff has sufficiently stated the personal involvement of the parole officer in an alleged constitutional violation. *Farrell v. Burke*, 449 F.3d 470, 484 (2nd Cir. 2006); *Ray v. Pickett*, 734 F.2d 370 (8th Cir. 1984) (holding that parole officer who wrongfully secures parolee's arrest not entitled to absolute immunity). If Defendant acted intentionally or recklessley in wrongfully classifying Plaintiff a sex offender and initiating his arrest and parole revocation based on a misapplication of Colorado law,[1] and such conduct rises to the level of shocking the conscience of the Court, the Court believes that this could constitute violation of a clearly established constitutional right of which a reasonable person would have known in 2005. *Moore v. Guthrie*, 438 F.3d 1036, 1040 (10th Cir. 2006) (holding that under a § 1983 substantive due process claim, the challenged government conduct must shock the conscience of the court; plaintiff "must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power"); *cf. Stevenson v. Bales*, 986 F.2d 1429 (Table), 1993 WL 18573 (10th Cir.

---

[1] The potential adverse consequences of labeling an inmate (or, in this case, a parolee) as a sex offender, if the inmate *has not been convicted of a sex offense*, may be of sufficient value as to be entitled to due process protection. *Chambers v. Colorado Dep't of Corrections*, 205 F.3d 1237, 1241-43 (10th Cir. 2000). There is further support for this position in *Hunt v. Colorado Dep't of Corrections*, No. 05-1168, 2006 WL 2294841 (10th Cir. Aug. 10, 2006). In that case, the district court dismissed all claims for failure to exhaust, not reaching the merits. On appeal, the Tenth Circuit found that exhaustion had occurred, and that plaintiff's due process claim for erroneous classification as a sex offender should be remanded to the district court (plaintiff having alleged that "but for his erroneous classification as a sex offender, he would have been released from incarceration"). On another claim, however, the Tenth Circuit reached the merits of the claim *sua sponte* and held that dismissal was appropriate for failure to state a claim.

Jan.27, 1993) (finding no claim against probation officer because the officer's conduct did not shock the conscience of the court). On the other hand, if it was reasonable for Defendant to believe that under Colorado law, Plaintiff should be classified as a sex offender and be required to register as a sex offender, and if his parole was revoked because Plaintiff refused to register, then judgment for Defendant would be appropriate. *Beene v. Terhune*, 380 F.3d 1149 (9th Cir. 2004). Resolution of this dilemma is not necessary, however, because of a bar to the sole remaining claim in this case which arises under Supreme Court precedent.

**IV.     Effect of *Heck v. Humphrey***

Plaintiff has one significant hurdle in pursuing the remainder of his claim, and that regards the effect that any judgment in his favor in this case would have on the underlying parole revocation. That hurdle would be that the application of the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). Neither the Plaintiff nor the Defendant have addressed this issue in their dispositive motions. However, this Court may dismiss *sua sponte* a complaint under Fed.R.Civ.P. 12(b)(6) "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted). In this case, it is appropriate for the Court to *sua sponte* raise the issue of *Heck*, because it is "patently obvious" that Plaintiff cannot prevail because of it and allowing him the chance to again amend his pleadings would be futile.

In *Heck*, the Supreme Court stated that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 412 U.S. at 487. If so, the court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been

invalidated." *Id*. The Court explained that this could be done by proving "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87 (footnote and citation omitted). In crafting this standard of proof, the Court drew an analogy to the "favorable termination" element in malicious prosecution actions. *See id*. at 484. *Heck* has been characterized by the Supreme Court as holding that where "a prisoner's § 1983 damages action would *implicitly question the validity of a conviction* or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammed v. Close*, 540 U.S. 749, 751 (2004) (emphasis supplied). Therefore, favorable termination is not so much an element of a claim, but a prerequisite to commencement of § 1983 action which would call into question the lawfulness of a conviction or confinement. The requirement of favorable termination prevents parallel litigation over the issues of probable cause and guilt, and the possible creation of conflicting resolutions arising out of the same or identical transactions. *See Heck*, 512 U.S. at 484.

Here, a judgment in favor of the Plaintiff for damages would imply the invalidity of his parole revocation. The CPB found Plaintiff guilty of the infractions alleged by Defendant. If Defendant wrongfully classified Plaintiff as a sex offender and wrongfully required that he (1) register as such, (2) admit he is a sex offender, and (3) undergo treatment, then Plaintiff's parole revocation is invalid. Because any Section 1983 action for damages would call into question his current incarceration, Plaintiff must demonstrate favorable termination as a prerequisite to commencement of this action. *See Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (noting that a Section 1983 action that challenges the

validity of a parole revocation would be foreclosed by *Heck v. Humphrey*); *Fistell v. Neet*, 125 Fed. Appx. 219, 224 (10th Cir. 2005) (applying *Heck* in the context of a challenge to sex offender classification); *German v. Baker*, 124 Fed. Appx. 257, *1 (5th Cir. Feb. 23, 2005) (holding that *Heck v. Humphrey* applies to any damages action in which a parole revocation would be called into question); *Washington v. Killian*, 97 Fed. Appx. 878, *1 (10th Cir. May 18, 2004) (same). In *Crow v. Penry*, 102 F.3d 1086, 1086 (10th Cir. 1996), the plaintiff alleged that his probation officer and others conspired to have him arrested, and that the probation officer testified falsely at his probation revocation hearing. The court held that plaintiff's claim for damages amounted to a collateral attack on his parole revocation and subsequent incarceration, and the same holds true for the Plaintiff here. "*Heck* does not permit this." *Id.*

Thus, Plaintiff cannot currently maintain an action for damages, because the issue of his parole revocation is currently pending in the Colorado state courts, and the revocation has not been overturned. His claim is premature and should be dismissed without prejudice. This holding applies equally to Plaintiff's requests for declaratory and injunctive relief. *Lawson v. Engleman*, 67 Fed. Appx. 524, 525-26 & n.2, 2003 WL 21300347 (10th Cir. June 6, 2003).

## CONCLUSION

Based on the foregoing, and the entire record herein, it is hereby **recommended** as follows:

1. Plaintiff's Motion for Summary Judgment [Filed June 22, 2006; Docket #29] be **denied**.

2. Defendant's Cross Motion for Summary Judgment [Filed July 17, 2006; Docket #35] be **granted**, with prejudice, as to the first and second grounds for Plaintiff's Fourteenth Amendment claim, but **denied** with regard to the third.

3. The District Judge *sua sponte* dismiss the third ground for Plaintiff's

Fourteenth Amendment claim, without prejudice, as being barred under *Heck*.

Dated at Denver, Colorado, this 30th day of August, 2006.

                              BY THE COURT:

                              s/ Michael E. Hegarty
                              Michael E. Hegarty
                              United States Magistrate Judge